UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARIA ESPERANZA CASTRO MIRANDA** | * | **CIVIL ACTION** |
| **AS REPRESENTATIVE OF THE ESTATE** | * | **No.** |
| **OF ELISANDER ALVARADO VILLAMIL; and** | * | |
| **INDIVIDUALLY AND AS NATURAL** | * | |
| **TUTRIX OF THE MINORS E.A.A.C. and L.Y.A.C.** | * | **JUDGE:** |
| **and FANDY MELISA ALVARADO CASTRO** | * | |
| | * | **MAG:** |
| **VERSUS** | * | |
| | * | |
| **ZITO FLEETING, INC.;** | * | |
| **INTERCOASTAL REPAIR SERVICE, INC;** | * | |
| **INTERCOASTAL MARINE REPAIR CO, INC.**; | * | |
| **INTERCOASTAL BARGE CLEANING, INC.**; | * | |
| and **INTERCOASTAL BARGE CLEANING, LLC** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes **Maria Esperanza Castro Miranda as Representative of the Estate of Elisander Alvarado Villamil; and Individually and as Natural Tutrix of the minors E.A.A.C. and L.Y.A.C.;** and **Fandy Melisa Alvarado Castro** who respectfully aver as follows:

**1.**

Named as defendants herein are:

**Zito Fleeting, Inc. ("Zito")**, a Louisiana Corporation with its principal place of business located in the Parish of Jefferson, State of Louisiana and authorized to do and doing business within the jurisdiction of this Court;

**Intercoastal Repair Service, Inc,** a Louisiana Corporation with its principal place of business located in the Parish of Orleans, State of Louisiana and authorized to do and doing business within the jurisdiction of this Court;

**Intercoastal Marine Repair Co, Inc.**, a Louisiana Corporation with its principal place of business located in the Parish of Jefferson, State of Louisiana and authorized to do and doing business within the jurisdiction of this Court;

  **Intercoastal Barge Cleaning, Inc.**, a Louisiana Corporation with its principal place of business located in the Parish of Jefferson, State of Louisiana and authorized to do and doing business within the jurisdiction of this Court; and

  **Intercoastal Barge Cleaning, LLC**, a Louisiana Limited Liability Company, whose sole member is an Alaskan Limited Liability Company, and whose principal place of business is located in the Parish of Jefferson, State of Louisiana and authorized to do and doing business within the jurisdiction of this Court.

  Hereinafter, **Intercoastal Repair Service, Inc, Intercoastal Marine Repair Co, Inc.**, **Intercoastal Barge Cleaning, Inc.**, and **Intercoastal Barge Cleaning, LLC** are referred to as "**The Intercoastal Defendants**").

**2.**

Plaintiffs bring these claims pursuant to 33 USC §§ 905(b) and/or 933(f) of the Longshore and Harbor Workers' Act, and the General Maritime Law as supplemented by Louisiana Law and files said claims pursuant to the Savings to Suitor's Clause of the United States Constitution.

**3.**

Defendants are justly and truly indebted to Plaintiffs, jointly, severally and *in solido,* for all damages that are reasonable in the premises, together with legal interest from the date of incident until paid and all costs of these proceedings, by reason of the following:

**4.**

At all material times herein, Plaintiff, **Maria Esperanza Castro Miranda,** was the lawfully recognized common-law spouse of **Elisander Alvarado Villamil,** who are both the parents of **E.A.A.C. and L.Y.A.C.**, and **Fandy Melisa Alvarado Castro.**

**5.**

At all material times herein, **Zito**, was the owner of a barge fleeting facility located on the Mississippi River at the foot of Causeway Blvd. in Jefferson Parish (hereinafter "**Zito Dock**") where various barges were moored for repair and cleaning services to be performed by **The Intercoastal Defendants.**

**6.**

At all material times herein, **Elisander Alvarado Villamil**, was employed by TREO Staffing LLC, which had contracted with **The Intercoastal Defendants** to provide equipment and crews to clean barges located at the **Zito Dock**, including the barge ING2021

**7.**

At all material times, **Zito** and/or T**he Intercoastal Defendants** had control over the barge ING2021.

**8.**

On January 26, 2021, **Elisander Alvarado Villamil**, was working as part of a TREO crew assigned to clean a barge located at the **Zito Dock.** The barge did not have guardrails on its outer edges to protect the TREO cleaning crew from hazards associated with being exposed to the Mississippi River, so a barge, referred to as a "terminal barge", was placed on the outside of the barge being cleaned to protect the TREO workers from this hazard.

**9.**

At some point during the cleaning operation, the terminal barge was moved, but no guardrail or other fall protection was provided to protect the TREO crew from the hazards associated with being exposed to the Mississippi River.

**10.**

During the process of picking up hoses located on the barge that had been used in the cleaning process, one of the hoses went over the sidewall of the barge, got entangled with Mr. Villamil's foot/ankle, and pulled him overboard into the river.

**11.**

**Mr. Villamil's** co-worker saw him surface and begin treading water adjacent to the barge after he fell, and this co-worker immediately looked for a life-ring or other floatation device to throw to **Mr. Villamil;** however, there were no such devices in the immediate work area and that co-worker had to leave the area and go look for such a device.

12.

When **Mr. Villamil's** co-worker returned to the area where **Mr. Villamil** fell from the barge, he no longer saw Mr. Villamil in the water. **Mr. Villamil** was not seen above the water again on that day, and his body was recovered from the river on or about May 14, 2021.

13.

At all material times herein, **Zito** and/or **The Intercoastal Defendants** were responsible for providing all rescue equipment and safety gear necessary for workers performing services on the barges docked at the **Zito Dock**, including **Elisander Alvarado Villamil** and his fellow TREO employees, to safely perform their work, and insuring that the barges had guardrails or other forms of fall protection to protect the TREO crew from the hazards associated with being exposed to the Mississippi River.

14.

The incident described herein that resulted in the wrongful death of **Elisander Alvarado Villamil**, was caused in whole or part by the negligence and/or fault of **Zito and/or The Intercoastal Defendants**, which negligence and/or fault includes the following nonexclusive particulars:

    a.    Failure to provide appropriate rescue equipment and safety gear;

    b.    Failure to provide and/or properly station life-rings in the area where the barge cleaning crew was working;

    c.    Failure to provide adequate lookout;

    d.      Failure to provide a safe place to work;

    e.      Failure to provide protection for those working on the barge from the hazards associated with being exposed to the Mississippi River;

    f.      Failure to properly equip the barge with guardrails on its outer edges; and

    g.      Any other acts of negligence which will be shown at the trial of this matter.

**15.**

As a result of the negligence of **Zito and/or The Intercoastal Defendants**, that resulted in the untimely death of **Elisander Alvarado Villamil**, Plaintiffs are entitled to recover all damages, wrongful death and survival, including but not limited to, pre-death pain and suffering and emotional distress of **Elisander Alvarado Villamil**, funeral and burial expenses, loss of inheritance, loss of economic support, loss of services, loss of nurture and guidance, and all other damages recoverable under the applicable law.

WHEREFORE, Plaintiffs, **Maria Esperanza Castro Miranda as Representative of the Estate of Elisander Alvarado Villamil,** and **Individually and as Natural Tutrix of the minors E.A.A.C. and L.Y.A.C.**, and **Fandy Melisa Alvarado Castro,** respectfully prays that Defendants, **Zito Fleeting, Inc.**, **Intercoastal Repair Service, Inc, Intercoastal Marine Repair Co, Inc.**, **Intercoastal Barge Cleaning, Inc.**, and **Intercoastal Barge Cleaning, LLC**, be served with a certified copy of this Complaint, and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of Plaintiffs, and against Defendants, jointly, severally and *in solido,* for all damages that are reasonable in the premises, together with legal interest and for all costs of these proceedings; and further, for all general and equitable relief which the court deems necessary and proper under the circumstances..

Respectfully submitted,

/s/ Charles C. Bourque, Jr.
**CHARLES C. BOURQUE, JR. (#20118)**
**cbourque@stmblaw.com**
**JOSEPH G JEVIC III (#23145)**
**jjevic@stmblaw.com**
ST. MARTIN & BOURQUE
315 Barrow St.
Houma, Louisiana 70360
Telephone: (985) 876-3891
Facsimile: (985) 851-2219

-and-

**PAUL E. MAYEAUX (#21750)**
**pmayeaux@cox.net**
PAUL E. MAYEAUX, ATTORNEY AT LAW, LLC
1421 N. Causeway Boulevard, Suite 100
Metairie LA 70001-4146
Telephone: 504-831-1031
Facsimile: 504-569-5166


SERVICE INSTRUCTIONS ON NEXT PAGE

PLEASE SERVE:

**Zito Fleeting, Inc.**
Through its Agent for Service of Process:
Sammy Zito
732 Rural St.
River Ridge, LA 70123

**Intercoastal Repair Service, Inc,**
Through its Agent for Service of Process:
Sammy Zito
732 Rural St.
River Ridge, LA 70123

**Intercoastal Marine Repair Co, Inc.**
Through its Agent for Service of Process:
Sammy Zito
732 Rural St.
River Ridge, LA 70123

**Intercoastal Barge Cleaning, Inc.**
Through its Agent for Service of Process:
Sammy Zito
732 Rural St.
River Ridge, LA 70123

**Intercoastal Barge Cleaning, LLC**
Through its Agent for Service of Process:
Barry Boudreaux
1 Shrewsbury Ct and Mississippi River
Jefferson, LA 70121